FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 03 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

SANDRA HUGHEY, Individually and )
As Administrator of the Estate of OTIS )
HUGHEY, Deceased, )
    )
    Plaintiff, )
    )  Case No.
v. )
    )  1:15-cv-0621
UNITED STATES OF AMERICA and )
BRADFORD PRIDDY, MD, )
    )
    Defendants. )

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Sandra Hughey, Individually and as Administrator of the Estate of Otis Hughey, deceased, and for her first cause of action against Defendant alleges as follows:

**1.**

This action arises under the Federal Tort Claims Act of 1948, 28 U.S.C.A. §§ 1346(b), 2671 et seq.

**2.**

At the time of his death, Mr. Hughey resided at 203 Walden Run Place, McDonough, Georgia 30253. At the time of Mr. Hughey's death, Plaintiff resided at 203 Walden Run Place, McDonough, Georgia 30253.

**3.**

Pursuant to 28 U.S.C.A. § 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, Plaintiff is bringing this suit based on improper medical services Otis Hughey underwent at the Veterans Administration Hospital located at 1700 Clairmont Road, Decatur, Georgia 30033-4032 (hereinafter "VA"). Therefore, venue is proper in the United States District Court for the Northern District of Georgia.

**4.**

Pursuant to 28 U.S.C.A. § 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, Plaintiff is bringing this suit based on improper medical services Otis Hughey received from, among others, Bradford Priddy, MD who, at all relevant times, was an agent and/or employee of VA and who resides at 1673 Hartford Glen, NE, Brookhaven, Georgia 30319. Therefore, venue is proper in the United States District Court for the Northern District of Georgia.

**5.**

At all times mentioned in this complaint the VA was owned and operated by the United States of America. At all times the physicians, including Dr. Priddy, nurses, and other medical personnel employed at VA were the agents, servants and

employees of the Defendant United States of America, acting at all times within the course and scope of their employment. Given such, the United States of America is liable for all negligent acts and omissions by VA, Dr. Priddy, and any person purporting to provide medical care to Mr. Hughey, including his nurses, nurses aids, nursing techs, resident physicians, and other medical care providers.

6.

On or about August 21, 2014, a tort claim for damages (Form 95) for personal injury was filed on behalf of Otis Hughey, pursuant to 28 U.S.C.A. § 2401 and 28 U.S.C.A. §§ 2671 to 2680. The tort claim arose from acts or omissions which occurred at VA beginning in approximately July 30, 2012 for treatment of Mr. Hughey's symptoms associated with severe chest congestion.

7.

The Department of Veterans Affairs has not responded to the claim (Form 95) as of February 23, 2015.

8.

With respect to medical care rendered to Mr. Hughey on July 30, 2012 through his death, in the examination, diagnosis, prescription of medicines and drugs, and handling and controlling of the care and treatment of Mr. Hughey, Defendants, and each of them, negligently failed to possess and to exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians, surgeons, hospitals,

nurses, attendants, and the like, in the same or similar circumstances as the Defendants.

9.

More specifically, on July 30, 2012, Mr. Hughey presented to the V.A. with a copy of his x-ray from the urgent care clinic which showed a mass on his lung. He was seen by Dr. Pirddy. Dr. Pirddy did not look at the x-ray brought by plaintiff even though Plaintiff and Mr. Hughey requested that the X-ray be reviewed.

10.

Dr. Priddy ordered a chest x-ray of Mr. Hughey to be taken at the VA, which was performed but not reviewed by Dr. Priddy.

11.

The chest x-ray taken on July 30, 2012, showed "[r]ight apical pulmonary nodule accompanied by mediastinal and right hilar lymphadenopathy highly suggestive of malignancy." The report further stated that a CT scan of the chest is recommended and that the Primary Diagnostic Code was Abnormality, Attention Needed.

12.

The VA did not inform Mr. Hughey about the July 30, 2012 x-ray results, nor did it contact him regarding his need for any follow up diagnostic tests.

13.

Mr. Hughey's next physical encounter with the VA was on October 8, 2012 when he went to the VA Emergency Department for a persistent cough. A CT scan was performed which found a "[l]arge mass at right paratracheal stripe, right hilum."

**14.**

Mr. Hughey was admitted to the VA Hospital on October 9, 2012 to further evaluate the lung mass.

**15.**

Additional tests revealed that the lung mass was cancerous and that it had spread to his brain.

**16.**

Chemotherapy for Mr. Hughey's cancer was not started until November, 2012. By this time, the cancer was determined to be Stage IV.

**17.**

Dr. Priddy subsequently met with Plaintiff and admitted that he had failed to review the available X-rays and that this was a personal mistake.

**18.**

Mr. Hughey died of lung cancer on April 4, 2014.

**19.**

Defendants failed to review the available chest x-rays between July 30, 2012 and October 9, 2012.

**20.**

Defendants failed to contact Mr. Hughey to follow up with a CT scan between July 30, 2012 and October 9, 2012.

**21.**

Defendants failed to diagnose Mr. Hughey' lung cancer between July 30, 2012 and October 9, 2012, thereby delaying treatment that could have saved or extended his life.

**22.**

As a direct and proximate result of the aforesaid acts or omissions of Defendants, and specifically the failure to provide Mr. Hughey with diagnostic and treatment plans within the requirements of the standard of care, Mr. Hughey sustained serious and severe personal injuries and pain, mental and emotional anxiety, and even death. Plaintiff, therefore, is entitled to recover damages for Mr. Hughey's conscious pain and suffering, medical expenses, funeral expenses, and wrongful death, in an amount to be determined by the enlightened conscious of the Court.

**23.**

Plaintiff Sandra Hughey was married to Otis Hughey and endured the consequence of Mr. Hughey's delayed treatment, including loss of consortium, marital companionship, affection, support, services and other physical, emotional

and psychological harm inflicted upon the marital relationship.

**24.**

Prior to his death, Otis Hughey, a Vietnam Veteran who was exposed to Agent Orange, wrongfully had his VA benefits reduced from 100% service related to 40% service related.

**25.**

Lung cancer is a 100% service related injury for Vietnam veterans who were exposed to Agent Orange.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

A.   That Process and Summons issue, as provided by law, requiring defendants to appear and answer Plaintiff's Complaint;

B.   That service be had upon defendants as provided by law;

C.   That the Court award and enter a judgment in favor of the Plaintiff, as Administrator of the Estate of Otis Hughey against Defendants in an amount in excess of $10,000.00 to compensate the Estate of Mr. Hughey for his funeral expenses, burial expenses, medical expenses, and pain and suffering, plus interest and costs;

D.   That the Court award and enter a judgment in favor of the Plaintiff against defendants in an amount in excess of $10,000.00 to compensate for the full

value of the life of Mr. Hughey as shown by all the evidence, plus interest and costs;

    E.    That Plaintiff be awarded all damages, including but not limited to, all general, special, compensatory, economic, and other allowable damages, in accordance with the enlightened conscience of this Court, from the Defendants, and as permitted under Georgia law;

    F.    That Plaintiff be awarded compensatory damages for loss of consortium;

    G.    That Plaintiff receive restitution of improperly denied VA benefits to Otis Hughey;

    H.    That Plaintiff have a trial as to all issues; and,

    I.    That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of March, 2015.

_____
Jonathan W. Johnson
Georgia Bar No. 394830
Attorney for the Plaintiff

Jonathan W. Johnson, LLC
2296 Henderson Mill Road, Suite 304
Atlanta, Georgia 30345
Telephone: 404-298-0795
Fax: 404-941-2285